# CHANCERY SENTINEL.

N. G. Rice, *Publisher.*]......$1.00 per annum......[O. L. Barbour, *Reporter.*

Vol. V.]    SARATOGA SPRINGS, JAN. 26, 1846.    [No. 8.

## Court of Chancery.

### DECISIONS OF THE CHANCELLOR,
JANUARY 26, 1846.

*Othniel S. Williams Ex'r &c.* v. *John Harden et al.* E. J. Richardson, for appellant; O. S. Williams, for respondent. In this case the chancellor decided that an executor is liable for the costs upon a bill of discovery filed by him in aid of a defence at law, where it appears by the defendant's answer that there is no fact within the knowledge of the latter which is material to the complainant's defence at law. *Liability of Executor for costs of a bill of discovery.*

That the complainant, in a bill of that nature, must state a case which will constitute a good defence to such suit. *Requisites of a bill of discovery.*

That the statute (2 *R. S.* 88, § 35) specifies what evidence executors, &c., have a right to require of the justice of a claim presented against the decedent's estate, by an alleged creditor. That they may require satisfactory vouchers in support of the claim; that is, in the case of a note, they may require the production of the note itself, or evidence that it has been lost or accidentally destroyed, if the fact is so, and that fact is within the knowledge of a third person. And they may also require the affidavit of the creditor that the debt claimed by him is justly due; that no payments have been made thereon; and that there is no offset against the same, to the knowledge of the claimant. *What evidence may be required by Executor of justness of a claim.*

That the defendant in a suit at law is not entitled to come into this court for the discovery of a mere isolated fact which may or may not be material to his defence. But that, in order to sustain a bill of discovery, the complainant therein *When a bill of discovery in aid of a defence at law will lie.*

8

must show what his defence to the suit at law is ; so that this court can see that the fact of which a discovery is sought, if admitted to be as stated in the bill, may be material in the establishment of such defence.

Order appealed from reversed ; with costs to be paid by the respondent, out of the estate of the testator in his hands.

*Peter D. Vroom et al* v. *William Johnson.* D. GOULD, for appellants ; S. SHERWOOD, for respondent. Order of the vice chancellor of the first circuit denying motion for attachment for violation of injunction reversed ; and an attachment ordered to issue, bailable in the sum of $250. Costs to abide the event ; and proceedings remitted.

*Elizabeth Proctor et al. adm'rs &c.* v. *Henry P. Wannamaker, Public Administrator &c.* E. W. CHESTER, for appellants ; W. T. REYNOLDS, for respondent. Decretal order of the surrogate of New-York reversed, and a decree directed to be entered setting aside and revoking the letters of administration granted to the public administrator as irregularly and improperly obtained ; and declaring the letters of administration granted to the appellants to be valid. And respondent directed to deliver up to the appellants all the moneys, books, papers and property belonging to the estate, which have come to his hands.

Proceedings remitted to surrogate.

*Jacob Johnson et al* v. *Garret Quackenbush et al.* N. HILL, Jun. for complainants ; J. RHOADES, for defendant Lawrence. Application by complainants to open an order to close the proofs, and also for an order extending the time to produce witnesses for forty days. The complainants entered an order to produce proofs and served it on the agent of the defendants' solicitor on the 16th of April, 1845. The defendant Lawrence, on the last day allowed by the rule for that purpose, applied for and obtained an order extending the time to take proofs, for sixty days. This order was entered on the 5th of July, 1845, and was immediately served upon the register as the agent of complainants' solicitor, About forty days after the expiration of the sixty days allowed by this order, the defendant Lawrence entered an order to close the